UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MEGHAN FLYNN,

                Plaintiff(s),                      **COMPLAINT**

   -against-                           **PLAINTIFF DEMANDS**
                                                    **TRIAL   BY   JURY**

THE LONG ISLAND RAILROAD COMPANY,

                Defendant(s).
-----------------------------------------------------------X

       Plaintiff, by her attorney, PHILIP J. DINHOFER, LLC, complaining of the defendant, respectfully shows to this Court and alleges:

       1.    This action arises under the Federal Employers' Liability Act (45 USC §5l, et seq.).

       2.    Upon information and belief and at all times herein mentioned, the defendant was a public benefit corporation organized and existing under and by virtue of the laws of the State of New York.

       3.    Upon information and belief and at all times herein mentioned, the defendant had been and still is doing business in the Counties of Queens and Suffolk, State of New York, within the jurisdiction of this Court and in various other states.

       4.    At all times herein mentioned, the defendant was and still is a common carrier by rail engaged in interstate commerce between different states in the United States.

       5.    That prior to November 29, 2019 and at all times hereinafter mentioned the defendant employed the plaintiff, MEGHAN FLYNN, as a Collector/Conductor under its direction, supervision and control and in furtherance of its business in interstate commerce.

       6.    That on, and for many years prior to, November 29, 2019, the defendant, owned, operated, maintained, managed, leased and/or controlled certain railroad property, more

specifically Train # 2898, Car #7691 at approximately 3:00 PM on Track #6 at Jamaica Station, Jamaica, New York, which included the station, ticket office, buildings, structures, premises, grounds, tracks, platforms, rails, switches, sidings, train cars, roadbeds and appurtenances thereto, over through and upon which the defendant operated its engines, trains and cars under its direction and control.

7. That the defendant was under a duty to inspect, maintain and keep its train cars and/or the plaintiff's work place aforementioned in a safe condition and free from any and all hazards, as well as a duty to provide the plaintiff with a safe work place and/or safe tools, equipment and/or personnel with which to work.

8. That on or about November 29, 2019, while the plaintiff, as an employee of the defendant, was in the performance of her duties as a Collector/Conductor upon the aforementioned Train # 2898, Car #7691 at approximately 3:00 PM on Track #6 at Jamaica Station, Jamaica, New York, she was caused to sustain severe and disabling injuries as a result of the negligence, carelessness and recklessness of the defendant in failing to provide her with a safe place to work and/or safe tools, equipment and/or personnel with which to work, as hereinafter set forth.

9. That on or about November 29, 2019 and while plaintiff working within Train # 2898, Car #7691 at approximately 3:00 PM on Track #6 at Jamaica Station, Jamaica, New York, she was caused to operate a stuck, broken, defective and/or damaged drop sash window, thereby sustaining injury as she was caused to overextend her wrist in the process, amongst other related injuries.

10. That the said accident and resulting injuries to the plaintiff were caused solely by reason of the negligence, carelessness and recklessness of the defendant, its agents, servants

and/or employees' in failing to exercise due care and diligence; in failing to provide plaintiff with a safe place to work and/or safe tools, equipment and/or personnel with which to work; in failing to promulgate safety rules and procedures for activities carried out by their personnel at the aforesaid place; in failing to warn plaintiff of the existence of the dangers involved in the performance of his duties as a Collector/Conductor; in failing to construct, build and/or equip the said Train # 2898, Car #7691 with a safe, proper and working drop sash window; in failing to inspect, maintain and keep in good repair the said train #2898, Car #7691 and in particular its drop sash window; in failing to provide the plaintiff with the necessary and proper tools, equipment and/or personnel with which to work; in failing to make proper and adequate provisions for the safety of plaintiff; in that the defendant failed to promulgate and enforce proper and safe rules for the safe conduct of the work operations of the railroad and the defendant was otherwise generally negligent under the circumstances.

11. That the said injuries were incurred while the plaintiff was acting in furtherance of interstate commerce, or in work substantially affecting the same.

12. That the plaintiff, MEGHAN FLYNN, was damaged thereby in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

WHEREFORE, plaintiff MEGHAN FLYNN, demands judgment against the defendant LONG ISLAND RAILROAD COMPANY, in the sum of TWO MILLION ($2,000,000.00) DOLLARS together with the costs and disbursements of this action.

Dated: Rockville Centre, New York
October 20, 2022

*Philip J. Dinhofer*
By: Philip J. Dinhofer, #6940
**PHILIP J. DINHOFER, LLC**
Attorneys for Plaintiff(s)
77 N. Centre Ave. - Suite 314
Rockville Centre, NY 11570
Tel: 516-678-3500
E-Mail: PJDLLC2806@YAHOO.COM